IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HOWARD ALEXANDER, #K6335**                                                      **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  4:05cv9TSL-AGN**

**WARDEN CARTER, et al.**                                                       **DEFENDANTS**

OPINION AND ORDER

On January 18, 2005, the plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.  Upon further consideration of the complaint and the records in this action, the court finds that an order was entered on  February 16, 2005, requiring the plaintiff to show cause as to why this case should not be dismissed for his failure to exhaust his administrative remedies, within fifteen days.  The plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.  Although more than thirty days passed from the entry of that order, the plaintiff failed to comply.  A copy of the order was mailed to the plaintiff at his last known address.

On April 4, 2005, this court entered a second order to show cause directing the plaintiff to state why this case should not be dismissed for his failure to comply with this court's order of February 16, 2005, and further directed the plaintiff to comply with the order, within fifteen days.  According to the court records, plaintiff has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with either of the court's orders. The plaintiff's failure to comply with multiple orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under

Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the  11th   day of May, 2005.

                                         /s/ Tom S. Lee
                                         UNITED STATES DISTRICT JUDGE